Richardson vs. Hoge.

────────────

John S. Richardson, trustee, plaintiff in error, vs. John S. Hoge, defendant in error.

That a witness is interested will not be presumed; it must be proved.

Complaint, from Bibb.

*By the Court.*—BENNING, J. delivering the opinion.

The plaintiff offered the interrogatories of James Richardson, as the interrogatories of "an aged and infirm person." They were objected to, on the ground " of interest." The Court sustained the objection. Was the Court right in doing so?

On the 18th of February, 1846, James Richardson conveyed the negro to John S. Richardson, on certain trusts.

In 1853, James Richardson conveyed the negro to Hoge, the defendant, in consideration of the receipt of $525—a sum less than her value, according to the testimony of some of the witnesses, and warranted the title to Hoge.

It was stipulated between him and Hoge, that he was to have the right to redeem the negro at $525, and interest thereon. Hoge was notified of the first deed.

Was James Richardson interested to have the verdict go against Hoge, and for the trustee ?

If the stipulation as to redemption, was binding, James Richardson's interest was balanced. This becomes manifest on a little reflection.

And whether the stipulation was binding or not, depended on, whether it was a fraud in Hoge, to obtain an absolute bill of sale of the negro, for a sum of money greatly less than her value, upon an assurance to Richardson, that he might have her again on repaying that sum and interest. · *Cobb's Dig.* 274. And we are not prepared to say that it was not a fraud. The question arising in this collateral way, it is not necessary to say more than this: that it does not appear but that this might have been a fraud in Hoge.

But unless it appeared that this was *not* a fraud in Hoge, it could not appear, that Richardson was interested in having the verdict go against Hoge. And that a witness is interested, will not be presumed; it must be shown affirmatively.

We think, that James Richardson was not disqualified by interest from being examined.

We think, too, that the evidence showed him to be "an aged or infirm" person, in the sense of the Act of 1811. This, indeed, was not, I believe, denied by the counsel for Hoge.

It follows, that we think, the judgment excluding his evidence, erroneous.

On the other questions, the two Judges presiding, (McDonald and Benning,) disagree; as to them, therefore, no judgment can be pronounced.

Judgment reversed.